**D. COLIN, on behalf of himself and all others similarly situated, Plaintiff—Appellant,**

v.

**ONYX ACCEPTANCE CORP.; Thomas C. Stickel; John W. Hall; Don P. Duffy, Defendants—Appellees.**

No. 01–55499.

D.C. No. CV–00–00087–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2002.

Decided Feb. 14, 2002.

Before TROTT, THOMAS and WARDLAW, Circuit Judges.

## MEMORANDUM*

Colin appeals from the district court's order dismissing his securities class action suit. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

The district court did not err in dismissing Colin's claim of securities fraud under § 10(b) of the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. § 78j(b). A prima facie claim of securities fraud under Section 10(b) of the Exchange Act requires: (1) a false statement or omission of a material fact, (2) reliance, (3) scienter, and (4) damages, meaning that the misstatement or omission has proximately caused the plaintiff's investment loss. *Gray v. First Winthrop Corp.*, 82 F.3d 877, 884 (9th Cir.1996). To establish the requisite scienter under § 10(b), a plaintiff must show that the defendant possessed "a mental state embracing intent to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n. 12, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976).

A complaint alleging fraud must meet the heightened pleading standards of Fed. R.Civ.P. 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Private Securities Litigation Reform Act of 1995 ("PSLRA") heightens the particularity re-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

quirements of Rule 9(b) as applied to federal securities class action lawsuits. *See* 15 U.S.C. § 78u–4(b). The PSLRA requires a plaintiff to "plead, in great detail, facts that constitute strong circumstantial evidence of deliberately reckless or conscious misconduct." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 974 (9th Cir.1999). Simple recklessness or a motive and opportunity to commit fraud is not sufficient. *Id.* at 974, 985. "In order to show a strong inference of deliberate recklessness, plaintiffs must state facts that come closer to demonstrating intent." *Id.* at 974. A plaintiff must "provide all the facts forming the basis for [his or] her belief [that the defendant acted with deliberate recklessness] in great detail." *Id.* at 983.

In his complaint, the plaintiff relies upon a violation of Generally Accepted Accounting Principles ("GAAP") to establish the required element of scienter. However, "the mere publication of inaccurate accounting figures, or a failure to follow GAAP, without more, does not establish scienter [in a securities fraud claim]." *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1426 (9th Cir.1994) (quoting *Malone v. Microdyne Corp.*, 26 F.3d 471, 479 (4th Cir.1994)). Thus, the allegations do not state a prima facie case under pre-PSLRA law, *see id.*, much less the heightened pleading standard under the PSLRA. *See Silicon Graphics*, 183 F.3d at 974.

## II

■ Plaintiff also alleges that the corporate officers engaged in a series of sham auctions and repossessions, which provided the company with the ability to manipulate earnings reports. To the extent that plaintiff seeks damages for the direct wrongful actions of the corporate officers, his remedy lies elsewhere. Section 10(b) does not embrace causes of action for breach of fiduciary duties or corporate mismanagement. *See Sante Fe Indus., Inc. v. Green*, 430 U.S. 462, 477–80, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977). To the extent that plaintiff complains about the ultimate impact on corporate earnings, he fails to meet the pleading requirements of *Silicon Graphics*, in that the complaint is devoid of any specific facts as to how the loan losses were managed to the shareholder's injury.

## III

■ Plaintiff also seeks recovery under § 20(a) of the Exchange Act, which imposes liability on "controlling persons" for violations of the Exchange Act, or regulations promulgated thereunder. 15 U.S.C. § 78t(a). In order to prove a prima facie case under § 20(a), plaintiff must prove: (1) a primary violation of federal securities laws; and (2) that the defendant exercised actual power or control over the primary violator. *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir.2000). Because the plaintiff's complaint failed to plead a sufficient underlying primary securities violation, his § 20(a) claim necessarily fails. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978 (9th Cir.1999) ("To be liable under section 20(a), the defendants must be liable under another section of the Exchange Act.").

**AFFIRMED.**